IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02094-OES

STEVEN B. JONES, #06332-091,

     Plaintiff,

v.

ROBERT BULLISH, and
JOHN JOHNSON,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 29 2005

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff currently is held at the Logan County Jail in Sterling, Colorado. On October 6, 2005, Plaintiff submitted to the Court a *pro se* Prisoner Complaint. Although Mr. Jones has identified the Complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the action more appropriately is filed pursuant to 42 U.S.C. § 1983.

The Court, therefore, will review the Complaint and construe the document liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is deficient, because Plaintiff fails to allege facts that demonstrate how each Defendant personally

participated in the asserted violations of his rights and how he has exhausted his administrative remedies regarding each claim.  Plaintiff asserts three claims complaining about (1) the negligent placement of a third bed in his cell that caused him to trip and injure himself, (2) the denial of a religious diet and access to religious materials, and (3) the denial of his pain medication for the injuries he incurred when he tripped over the bed.  Plaintiff seeks injunctive relief and compensatory damages.  He asserts that he grieved both of the religion issues and the refusal of medication claims, but that he did not know how to grieve the negligent act claim.

Although Mr. Jones mentions Defendant Johnson in connection with the claims, he fails to allege specific facts to demonstrate how Defendant Bullish personally participated in the alleged violations of his constitutional rights.  He further does not assert who is responsible for the placement of the bed in his cell and how such an act violated his constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d

479, 483 (10th Cir. 1983). Therefore, Plaintiff will be ordered to file an Amended

Complaint to clarify how each Defendant personally participated in the alleged

constitutional violations.

Plaintiff also will be ordered to state how he has exhausted administrative

remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect

to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available

are exhausted." This "exhaustion requirement applies to all inmate suits about prison

life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532

(2002).

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner."

*Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the

burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach

copies of administrative proceedings or describe their disposition with specificity." *Id.* at

1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners.

*See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if

Plaintiff has not exhausted administrative remedies with respect to each claim he

asserts, the entire complaint must be dismissed.

Although Plaintiff has submitted copies of administrative grievances forms and

three of the forms have a response by jail staff, it is not clear how a grievance is

exhausted at the Logan County Jail and that Plaintiff exhausted his remedies with

respect to his religion claim and his medical claim. Further, and Plaintiff concedes, he

3

has not exhausted his negligence claim.  Plaintiff is directed to describe to the Court the

procedure for exhausting inmate grievances at the Logan County Jail and to state

specifically how he has exhausted the grievance procedure with respect to each claim

in keeping with the grievance procedure.  If he fails to describe with specificity the steps

he has taken to exhaust administrative remedies for each of the claims he raises, the

action will be dismissed.  Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an

Amended Complaint that complies with the Order.  It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a

copy of the Order, two copies of the Prisoner Complaint form.  It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended

Complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an

original and sufficient copies of an Amended Complaint that complies with the Order to

the Court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 29 day of _December_, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02094-OES

Steven B. Jones
Reg. No. 06332-091
Logan County Jail
PO Box 749
Sterling, CO 80751


I hereby certify that I have mailed a copy of the    **ORDER and two copies of
Prisoner Complaint** to the above-named individuals on 12/29/05


GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk